**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

MICHAEL DEAN,

    Plaintiff,

v.                                            Case No. 10-14135

PRISON HEALTH SERVICES, et al.,

    Defendants.
                                       /

**OPINION AND ORDER (1) OVERRULING PLAINTIFF'S OBJECTIONS,
(2) ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION,
(3) GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT,
(4) TERMINATING AS MOOT PLAINTIFF'S MOTION FOR EXTENSION OF TIME,
(5) TERMINATING AS MOOT DEFENDANTS' MOTION TO DISMISS, AND
(6) DISMISSING THE CASE WITHOUT PREJUDICE**

On March 28, 2011, Magistrate Judge Laurie J. Michelson issued a Report and Recommendation ("R&R") in the above-captioned matter, recommending that the court grant Defendants'[1] motions for summary judgment. Plaintiff filed a motion for an extension of time to file his objections on April 6, 2011, but while that motion was pending he timely filed his objections on April 12, 2011. Defendants responded on April 18, 2011, and Plaintiff replied on April 25, 2011.[2] The court will overrule Plaintiff's

---

[1] Defendants Creger, Hunter, McMillan, and Scutt filed the first motion for summary judgment. Defendant Kinder filed a separate motion for summary judgment adopting and incorporating the first motion. "Defendants" as used in this order refers to these five Defendants unless otherwise indicated.

[2] Defendants Cohen, Jackson, Neff, and Prison Health Services filed a motion to dismiss on April 25, 2011. The court notes that these Defendants did not object to the Magistrate Judge's recommendation to dismiss the case against all Defendants for failure to exhaust, and because the court finds that recommendation to be sound, it will not reach the grounds for dismissal raised by these Defendants. (*See* R&R 19-20.) Their motion will be terminated as moot.

objections, adopt the R&R in full, and grant Defendants' motions for summary judgment. Because Plaintiff timely filed his objections, the court will terminate as moot his motion for an extension of time.

**I. STANDARD**

The filing of timely objections requires the court to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *accord United States v. Raddatz*, 447 U.S. 667, 673-82 (1980); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). This *de novo* review, in turn, requires this court to re-examine all of the relevant evidence previously reviewed by the magistrate judge to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1). The court may "receive further evidence" if desired. *Id.*

A party who files timely objections to a magistrate judge's report in order to preserve the right to appeal must be mindful of the purpose of such objections: to provide the district court "with the opportunity to consider the specific contentions of the parties and to correct any errors immediately." *Walters*, 638 F.2d at 949-50. The Supreme Court upheld this rule in *Thomas v. Arn*, 474 U.S. 140 (1985), a habeas corpus case. The Supreme Court noted that "[t]he filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." 474 U.S. at 147 (footnote omitted).

An "objection" that does nothing more than state a disagreement with a magistrate judge's suggested resolution, or simply summarizes what has been

presented before, is not an objection as that term is used in this context. *See, e.g.*, *Slater v. Potter*, 28 F. App'x 512, 513 (6th Cir. 2002) ("The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object."); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991) ("It is arguable in this case that Howard's counsel did not file objections at all. . . . [I]t is hard to see how a district court reading [the 'objections'] would know what Howard thought the magistrate had done wrong."). "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (citing *Howard*, 932 F.2d at 509).

Further, "only those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have." *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).

## II. DISCUSSION

The Magistrate Judge has recommended that the court grant Defendants' motions for summary judgment and dismiss the case without prejudice because Plaintiff has not exhausted his administrative remedies as is required by 42 U.S.C. § 1997e(a). Several of Plaintiff's objections are difficult to decipher, but they will be liberally construed. None is meritorious.

### A. Objection # 1

Plaintiff's first objection appears to be that he was not required to plead exhaustion, or alternatively that exhaustion is not required for claims brought pursuant

3

to 42 U.S.C. § 1983.  Plaintiff is correct that exhaustion is an affirmative defense, *Jones v. Bock*, 549 U.S. 199, 216 (2007), but the Magistrate Judge did not find that Plaintiff was required to plead exhaustion.  Rather, the Magistrate Judge found that Defendants properly raised exhaustion as an affirmative defense, and Plaintiff has not exhausted his administrative remedies.  (R&R 10-20.)  In addition, while Plaintiff is also correct that exhaustion is not an element of a freestanding § 1983 claim, where that claim is brought "with respect to prison conditions . . . by a prisoner," § 1997e(a) specifies that exhaustion must be satisfied.  (R&R 8 (citing *Jones*, 549 U.S. at 918-19).)  Therefore, the Magistrate Judge did not err in finding Plaintiff is required to exhaust his administrative remedies.

## B. Objection # 2

Plaintiff's second objection is lengthy, recounting the delays he encountered in receiving treatment, Defendants' alleged knowledge of his medical condition, and his belief that he was only treated upon filing this federal action.  The only actual objection the court can discern is that Plaintiff claims he "appealed to [step III and] the director in Lansing have [sic] refused to respond to the step-III grievance," and therefore the Magistrate Judge erred in finding he did not exhaust his remedies.  (*See* Obj. 3.)  Although he does not identify the grievance to which he is referring, because he says Subrina Aiken, RN, responded at the step-II stage, the court deduces Plaintiff is referencing the JCF 1816 grievance.  (*Id.* & Ex. 9-10.)

This is an example of an argument that merely reasserts an argument already presented to the Magistrate Judge, and does not point to any flaw in the reasoning of the R&R.  Plaintiff claims he appealed JCF 1816 to step III.  The Magistrate Judge,

4

however, thoroughly explained how even if Plaintiff has appealed to step III, he must have filed the form after filing the present action, and therefore he has not exhausted. (R&R 14.) Plaintiff's "Exhibit 9" to his objections, Aiken's step-II response, was not dated until November 9, 2010, nearly one month after this action was initiated. If the step-II response was not issued until November 9, Plaintiff could not have filed a step-II appeal, let alone received a resolution of it, by October 15. As the Magistrate Judge clearly and carefully explained, Plaintiff was still required to proceed through step III before commencing a § 1983 suit. (*See* R&R 4-5, 14-15.) Plaintiff does not address these observations, and the court finds them to be sound and consistent with the record. Therefore, this objection must be overruled.

## C. Objection # 3

Plaintiff's third point of error is that the Magistrate Judge found Defendant Larry McMillan delayed the grievance process by not providing Plaintiff with the proper forms by about one month, when in fact the delay was closer to two months. The court need not resolve this dispute because, even if the delay was closer to two months, the court cannot find any error that would be material to the disposition of Defendants' motion. As the R&R accurately explains, a delay in the grievance process does not lead to exhaustion where a prisoner is still able to pursue a grievance albeit on a protracted timescale. Here, as the Magistrate Judge notes, Plaintiff filed and received a response to his step-II JCF 1816 grievance. He prepared a step-III response, and may have filed it after the case commenced. Thus, any delay caused by McMillan does not alter the exhaustion analysis. (R&R 16-17.) The objection will be overruled.

## D. Objection # 4

Plaintiff's next objection appears to present two arguments. First, Plaintiff contends that the Ombudsman's letter "is prima facie proof" of delayed medical treatment. This argument, like those treated above, fails to rebut the R&R's finding of no exhaustion.

Second, Plaintiff argues that the Magistrate Judge's finding of no exhaustion "conflicts with the 'alertness' and 'notice' requirement of *Jones*." (Obj. 6 (citing *Jones*, 549 U.S. at 204-06).) *Jones* rejected the Sixth Circuit's old rule that to properly exhaust administrative remedies the plaintiff must have named each of its federal court defendants in the underlying grievance, holding instead "that exhaustion is not *per se* inadequate simply because an individual later sued was not named in the grievances." 549 U.S. at 219. Thus, the Court adopted a less rigid "notice" requirement. *See id.* ("The Sixth Circuit rule may promote early notice to those who might later be sued, but that has not been thought to be one of the leading purposes of the exhaustion requirement.").

But there is no conflict between a relaxed notice rule and a finding of no exhaustion in this case. The R&R does not conclude that Plaintiff properly exhausted his administrative remedies, but names more defendants in the federal suit than were the subjects of the grievance process; if that were the case, *Jones*'s holding would apply, and the court would have "to determine the sufficiency of the exhaustion" in this particular case. *Id.* Instead, the R&R's conclusion is that Plaintiff did not exhaust his administrative remedies at all. Therefore this objection, too, will be overruled.

### E. Objection # 5

Finally, Plaintiff asserts there is a genuine dispute of a material fact, points to record evidence that he alleges shows an unconstitutional delay in treatment, and argues this case should proceed to trial. But this objection fails for the same reason most of Plaintiff's other objections fail—regardless of the merits of Plaintiff's § 1983 claim, on which the court expresses no opinion, those merits are not reachable if the exhaustion requirement is not satisfied.

### III. CONCLUSION

For the reasons stated above, IT IS ORDERED that Plaintiff's objections [Dkt. # 33] are OVERRULED, and the Magistrate Judge's March 28, 2011, "Report and Recommendation" [Dkt. # 30] is ADOPTED IN FULL AND INCORPORATED BY REFERENCE.

IT IS FURTHER ORDERED that Defendant Kinder's "Motion for Summary Judgment" [Dkt. # 18] and Defendants' "Motion for Summary Judgment" [Dkt. # 13] are GRANTED.

IT IS FURTHER ORDERED that Plaintiff's "Motion for Extension of Time" [Dkt. # 32] is TERMINATED AS MOOT.

IT IS FURTHER ORDERED that Defendants' "Motion to Dismiss" [Dkt. # 35] is TERMINATED AS MOOT.

Finally, IT IS ORDERED that the above-captioned matter is DISMISSED WITHOUT PREJUDICE for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a).

      s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: April 28, 2011

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, April 28, 2011, by electronic and/or ordinary mail.

      s/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522