UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL DEAN,

    Plaintiff,

v.                                                 Case No. 10-14135

PRISON HEALTH SERVICES, et al.,

    Defendants.
                                        /

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR
RELIEF FROM JUDGMENT**

On April 28, 2011, the court adopted the Magistrate Judge's report and recommendation, overruling Plaintiff's objections. Plaintiff filed a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(1) on May 6, 2011. The motion will be denied.

**I. STANDARD**

Rule 60(b)(1) permits a court to "relieve a party . . . from a final judgment, order, or proceeding" where there is evidence of "mistake, inadvertence, surprise, or excusable neglect." "'[R]elief under Rule 60(b) is circumscribed by public policy favoring finality of judgments and termination of litigation.'" *In re Ferro Corp. Derivative Litigations*, 511 F.3d 611, 623 (6th Cir. 2008) (citing *Blue Diamond Coal Co. v. Trs. of the UMWA Combined Benefit Fund*, 2249 F.3d 519, 524 (6th Cir. 2001)).

**II. DISCUSSION**

Plaintiff's motion appears to present three arguments. First, Plaintiff argues that the court erred in dismissing for failure to exhaust state remedies. This argument contends that the prison did not timely resolve Plaintiff's first grievance, requiring him to file an

additional grievance that he alleges was completely resolved on August 31, 2010.  As a result, Plaintiff says, Defendants' exhaustion defense should have failed.  Second, Plaintiff asserts that his underlying claims present a case or controversy, and therefore this action is not moot.  Finally, Plaintiff contests the substitution of the magistrate judge in this case, contending that the substitution was not justified as required by 28 U.S.C. § 636(f).[1]  Although Plaintiff does not explicitly frame these arguments under Rule 60(b)(1), the court construes Plaintiff as arguing mistake or inadvertence.

Plaintiff's first allegation is incorrect, and therefore he has not demonstrated any mistake on the part of the court.  In order to exhaust state remedies in the Michigan Department of Corrections, a prisoner's grievance must progress through all three steps of the grievance procedure.  *See Reed-Bey v. Pramstaller*, 603 F.3d 322, 324 (6th Cir. 2010).  The Magistrate Judge accurately observed that an inmate who is dissatisfied with the Step III response may contact the ombudsman.  (R&R 13.)  Plaintiff seems to be arguing that the ombudsman's response may exhaust state remedies irrespective of whether the inmate has completed all three steps of the grievance process, as is required by law.  But Plaintiff offers no authority that states an ombudsman's letter can substitute for the normal exhaustion course, and the Magistrate Judge appropriately rejected this argument.  (R&R 17-18.)  In addition, he cites cases that stand for the proposition that "[w]hen prison officials decline to enforce their own procedural requirements and opt to consider otherwise-defaulted claims on the merits, so as a general rule will we." *Reed-Bey*, 603 F.3d at 325.  But this is not a case where prison officials have decided to consider "otherwise-defaulted claims"; here, prison officials have simply taken longer to resolve

---

[1] On March 17, 2011, the matter was reassigned from Magistrate Judge Randon to Magistrate Judge Michelson.

Plaintiff's claims than he would have liked. The fact remains that, as correctly found by the Magistrate Judge, Plaintiff did not complete Step III on any of his grievances prior to filing this federal lawsuit, and therefore a dismissal for failure to exhaust was proper. All Plaintiff had to do to avoid a failure to exhaust defense was to diligently prosecute his grievance and patiently await adjudication by the prison system. Instead, he jumped the gun and filed this lawsuit. There is no mistake in the report and recommendation, nor in the adoption of it, and the motion will be denied on this first ground.

Second, Plaintiff appears to believe that his case was dismissed as moot. It was not; the case was dismissed solely for failure to exhaust. The court assumes the confusion arose from the court's termination of two motions "as moot." This simply means that the motions were no longer relevant, and no longer required a disposition, because of the other actions taken by the court and the parties in the case. Thus, Plaintiff's motion for an extension of time to file objections was found moot because he actually filed objections that were considered by the court, and therefore he did not need more time. (4/28/11 Order 2.) Similarly, Defendants' motion to dismiss was moot because the court dismissed the action for failure to exhaust, and therefore did not need to consider alternative grounds for dismissal. (*Id.* at 1 n.2.)

Third, Plaintiff asserts it was a mistake justifying relief from judgment to substitute Magistrate Judge Michelson for Magistrate Judge Randon without explanation. (*See* 3/17/11 Notice.) Plaintiff relies on 28 U.S.C. § 636(f), which provides certain requirements that must be satisfied by a chief judge's order during an emergency before a magistrate judge may perform "duties specified in subsection (a), (b), or (c) of this section in a judicial district other than the judicial district for which he has been appointed." This subsection is inapplicable in this case, because Magistrate Judge Michelson was not assigned to this

case in response to an emergency, and because she is not a magistrate judge from another district. Plaintiff has not shown a mistake here.

### III. CONCLUSION

Accordingly, IT IS ORDERED that Plaintiff's "Motion for Relief from Judgment" [Dkt. # 39] is DENIED.

                                                                                 s/Robert H. Cleland  
                                                                                 ROBERT H. CLELAND  
                                                                                 UNITED STATES DISTRICT JUDGE

Dated: June 8, 2011

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 8, 2011, by electronic and/or ordinary mail.

                                                                                s/Lisa Wagner  
                                                                                 Case Manager and Deputy Clerk  
                                                                                 (313) 234-5522